[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pro se plaintiff.
Laurie Adler for defendant.
This is an administrative appeal, under General Statutes § 31-249b, from a decision of the employment security board of review affirming the decision of the appeals referee which affirmed the decision of the Administrator denying unemployment compensation benefits to the plaintiff.
The return of record discloses that, on August 31, 1992, the Unemployment Compensation Act Administrator ruled that the plaintiff was ineligible to continue receiving benefits. The plaintiff attempted to appeal from this adverse ruling to the referee under General Statutes § 31-241(a). On January 15, 1993, this appeal was dismissed by the referee because the appeal was filed more than twenty-one days after the Administrator's decision became final. On January 26, 1993, the plaintiff appealed from this dismissal by the referee to the employment security board of review (board), under General Statutes § 31-249. On March 10, 1993, the board denied the plaintiff's appeal. On March 19, 1993, the plaintiff appealed to this court.
 I
The defendant has judicially admitted that the plaintiff is the person whose unemployment compensation benefits were curtailed and whose appeal was the subject matter before the board. Consequently, the plaintiff is aggrieved by the decision of the board, Bossert v. Norwalk, 157 Conn. 279, 285 (1968).
 II
The plaintiff never filed a motion to correct the findings of the board under Practice Book § 515A, which governs appeals from the board. As a result, the court cannot review the factual findings of the board, Petela v. Administrator, 33 Conn. Sup. 119,121 (Super. CT. 1974). The board found that the Administrator's final decision was mailed to the plaintiff on August 31, 1992, and that the plaintiff delayed filing an appeal from that decision until December 16, 1992. The board also found that the reason for CT Page 11088 the delay was attributable to the plaintiff's failure to read the appeal warning section, which contained the twenty-one calendar day deadline for filing an appeal mandated by General Statutes § 31-241(a). The board concluded that the plaintiff's negligence in this regard failed to constitute "good cause" for the belated filing, as that phrase is defined by Section 31-237g-15(b) of the Regulations of Connecticut State Agencies.
Thus, the only remaining question for the court to resolve is whether the board correctly and lawfully found that the plaintiff's careless reading of the notice of the Administrator's decision fell outside the meaning of good cause for filing a late appeal under that regulation. Section 31-237g-15(b) defines "good cause" as follows:
 (b) For purposes of this section, a party has good cause for failing to file an appeal within twenty-one (21) calendar days of the issuance of the administrator's determination if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to:
 (i) The extent to which the party has demonstrated diligence in its previous dealings with administrator and the employment security appeals division;
(ii) Whether the party was represented
 (iii) The degree of the party's familiarity with the procedures of the appeals division;
 (iv) Whether the party received timely and adequate notice of the need to act;
 (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; CT Page 11089
 (vi) Factors outside the control of the party which prevented a timely action;
(vii) The party's physical or mental impairment;
 (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed;
 (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely;
 (x) Coercion or intimidation which prevented the party from promptly filing its appeal.
 (xi) Good faith error, provided that in determining whether good faith error constitutes good cause the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence.
Under the definition, good cause means circumstances existed such that "a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal." The regulation also enumerates eleven factors which ought to be considered by the referee in determining whether this definition of good cause has been satisfied by the facts of a particular case. Some of the enumerated factors weigh in the plaintiff's favor, such as the fact that he was unrepresented (Factor ii). Other factors militate against finding good cause. No conditions outside the plaintiff's control prevented the timely filing of the appeal (Factor vi). The plaintiff's omission was not merely a misunderstanding of the language warning of the deadline but rather a complete failure to read the warning (Factor xi). The appeal was eventually filed 107 days after the date notice of the Administrator's decision was mailed to the plaintiff. This time period is approximately five times the time allowed by statute and can justifiably be characterized as "excessively late" (Factor xi).
The court holds that the decision of the board affirming the CT Page 11090 appeals referee's dismissal of the belated appeal from the ruling of the Administrator for untimely filing was logical and reasonable and not illegal, arbitrary, or an abuse of discretion.
For these reasons, the appeal is denied.
Sferrazza, J.